J-S06031-16; J-S06032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: W.M.S., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: S.A., NATURAL MOTHER | No. 1295 MDA 2015 |

Appeal from the Order Entered July 2, 2015,
in the Court of Common Pleas of Centre County, Orphans'
Court, at No(s): 4045

| | |
|---|---|
| IN RE: T.L.S., JR., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: S.A., NATURAL MOTHER | No. 1296 MDA 2015 |

Appeal from the Order Entered July 2, 2015,
in the Court of Common Pleas of Centre County, Orphans'
Court, at No(s): 4044-2015

| | |
|---|---|
| IN RE: T.L.S., JR., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: T.L.S., SR., NATURAL FATHER | No. 1320 MDA 2015 |

Appeal from the Order Entered July 2, 2015,
in the Court of Common Pleas of Centre County, Orphans'
Court, at No(s): 4044

| | |
|---|---|
| IN RE: W.M.S., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: T.L.S., SR., NATURAL FATHER | No. 1308 MDA 2015 |

Appeal from the Order Entered July 2, 2015,
in the Court of Common Pleas of Centre County, Orphans'
Court, at No(s): 4045

BEFORE: PANELLA, J., MUNDY, J., and STEVENS, P.J.E.***FILED JANUARY 28, 2016**

*Former Justice specially assigned to the Superior Court.

JUDGMENT ORDER BY STEVENS, P.J.E.

Appellants, S.A. ("Mother") and T.L.S. ("Father"), appeal from the orders entered July 2, 2015, in the Court of Common Pleas of Centre County, Orphans' Court Division, involuntarily terminating the parental rights of Mother and Father to W.M.S. (born December of 2011) and T.L.S., Jr., (born February of 2014) (collectively "the Children"), pursuant to 23 Pa.C.S.A. §§ 2511(a)(2), (5), (8), and (b). In their Pa.R.A.P. 1925(b) Concise Statements of Errors Complained of on Appeal, Mother and Father argue that the trial court committed an abuse of discretion and the evidence was insufficient for the trial court to terminate Mother and Father's parental rights under 23 Pa.C.S.A. §2511(a)(2), (a)(5) and/or (a)(8).[1] Mother's Brief at 1; Father's Brief at 5.

The trial court did not perform a Section 2511(b) analysis in its orders terminating parental rights or in its opinions.

> Our case law has made clear that under Section 2511, the court must engage in a bifurcated process prior to terminating parental rights. Initially, the focus is on the conduct of the parent. The party seeking termination must prove by clear and convincing evidence that the parent's conduct satisfies the statutory grounds for termination delineated in Section 2511(a). Only after determining that the parent's conduct warrants termination of his or her parental rights must the court engage in the second part of the analysis: determination of the needs and welfare of the child under the standard of best interests of the child. Although a needs and welfare analysis is mandated by the statute, it is distinct from and not relevant to a determination of whether the parent's conduct justifies termination of parental rights under the statute. One major aspect of the needs and welfare analysis concerns the nature and status of the emotional bond between parent and child.

---

[1] This Court has *sua sponte* consolidated Mother and Father's appeals.

***In re Adoption of R.J.S.***, 901 A.2d 502, 508 (Pa.Super. 2006) (citations omitted).

Without the trial court's Section 2511(b) analysis, we are constrained to remand this matter to the trial court for an opinion addressing the emotional bonds between Mother and the Children, and Father and the Children, as well as the effect a termination of parental rights would have upon the Children. The trial court shall conduct an analysis regarding this issue as well as all other factors bearing upon the termination of Mother and Father's parental rights.

We remind the trial court that our Supreme Court recently stated, "over the past fifteen years, a substantial shift has occurred in our society's approach to dependent children, requiring vigilance to the need to expedite children's placement in permanent, safe, stable, and loving homes." ***In re T.S.M.***, 71 A.3d 251, 269 (Pa. 2013). Despite the need for expeditious handling of these cases, we are unable to proceed until the trial court effects its duty.

Accordingly, we must remand this case and direct the trial court to file supplemental opinions pursuant to Pa.R.A.P. 1925(a) containing the requisite Section 2511(b) analysis **no later** than fourteen days from the date of this decision.

Case remanded. Panel jurisdiction retained.